UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIAN WATERS,  )<br>Plaintiff  )<br>  )<br>v.  )<br>  )<br>FACEBOOK, INC. et al.,  )<br>Defendants  )<br>  ) | CIVIL ACTION NO.   3: 20cv30168 |

**MEMORANDUM IN SUPPORT OF DEFENDANT, AIDAN KEARNEY'S, MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff seeks for at least the third time to litigate essentially the same claims he has been pursuing against the defendant, Aidan Kearney ("Kearney"), for the past two years (See ¶18, ¶53 and ¶92 of plaintiff's Verified Complaint where he references claims surrounding the blog "Turtleboy"). Plaintiff was arrested and charged with Assault and Battery on a Household Member and Cruelty to an Animal on or about December 31, 2016. Kearney then wrote about the events on his Turtleboy blog shortly thereafter, including posting photographs of plaintiff's then girlfriend, Samantha Cardin, with bruises on her body and a black eye. Plaintiff boasts that the charges were dropped for failure to prosecute (See ¶77 of plaintiff's Verified Complaint).

In May of 2018, plaintiff attempted to sue Mr. Kearney in Hampden Superior Court under docket 1879CV344 (¶79 of Plaintiff's Verified Complaint). Defendant Kearney filed a 12(b)(6) Motion to Dismiss, which was converted to a Motion for

1

Summary Judgment under Rule 56. Kearney's motion was allowed, and plaintiff's case was dismissed (See ¶92 of plaintiff's Verified Complaint, "It became too dangerous for me to present evidence or name witnesses in civil case 1879CV00344, and I lost the ability to make strong written and oral arguments. The result is I suffered a humiliating loss by summary judgment"). He then filed an appeal (See ¶53 of plaintiff's Verified Complaint, "On January 25th, 2020, four days after the case was docketed in the appeals court…" as well as the Civil Cover Sheet listing 2020-P-0088 as a related case), which is currently under advisement.

## LEGAL STANDARD

In accordance with Fed. R. Civ. P. 12(b)(6) a defendant may move to dismiss an action against him based solely on the pleadings for the plaintiff's "failure to state a claim upon which relief can be granted." *Goya de Puerto Rico v. Herman*, 115 F.Supp.2d 262 (D. P.R. 2000), states "Dismissal for failure to state a claim is appropriate when the trial court, after accepting as true the well-pleaded factual allegations of the complaint and drawing all reasonable inferences therefrom in the plaintiff's favor, finds that the complaint, so read, does not limn facts sufficient to justify recovery on any cognizable legal theory." Further, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to show that the pleader is entitled to relief."

## ARGUMENT

I. **PLAINTIFF IS NOT ENTITLED TO RELIEF FROM KEARNEY ON COUNTS I AND II AS HIS PLEADING CONTAINED ONLY CONCLUSORY STATEMENTS THAT DID NOT MEET THE REQUISITE REQUIREMENTS OF BRINGING A CLAIM UNDER 42 U.S.C. §1985.**

Plaintiff brings two claims under 42 U.S.C. § 1985: Count I, "Witness Intimidation/Obstruction", and Count II "Conspire to Injure Because I Exercised My First Amendment Right." Bringing a claim under § 1985 necessarily requires a plaintiff to show "(1) conspiracy (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) act in furtherance of the conspiracy (4) whereby person is either injured in his person or property or deprived of any right of privilege of citizenship". *Zezulewicz v. Port Authority of Allegheny County,* 290 F.Supp.2d 583 (W.D. Penn. 2003). A plaintiff must also show "some racial or otherwise class-based, invidiously discriminatory animus." *Bray v. Alexandria Women's Health Clinic* 506 U.S. 263 (1993). *Perez-Sanchez v. Public Building* Authority, 531 F. 3d. 104 (1st Cir. 2008) states that "§ 1985 was intended to address racial animus first and foremost." Plaintiff shows neither conspiracy nor class-based or racial animus.

In Count I, plaintiff claims that Kearney discriminated against him "because I was arrested, because I am intelligent, and because I exercised my first amendment right making statements showing my disapproval of the Ludlow and Palmer police." Plaintiff fails to plead any facts that would constitute "conspiracy"

3

required under § 1985, and being arrested, intelligent and one who exercises a first amendment right would not constitute someone protected from "class-based" or racial discrimination as described in *Bray* and *Perez-Sanchez,* supra.

Plaintiff's allegations in Count II are no different. While he does allege that Kearney and Katherine Peter "went in disguise" to "punish" plaintiff for his expression, he fails to plead facts with any specificity as to how exactly Kearney and Katherine Peter formed an agreement to "inflict a wrong against or injury upon another." *Parker v. Landry,* 935 F.3d 9 (1st Cir. 2019) (quoting *Estate of Bennett*, 548 F.3d 178 (1st Cir. 2008)). Additionally, plaintiff failed to plead any facts in Count II that would suggest any discrimination at all, let alone any class-based or racial animus, nor were any facts contained within the entirety of his complaint that would suggest such discrimination from Kearney. Plaintiff is simply not entitled to relief under Section 1985.

## II. KEARNEY CANNOT BE LIABLE ON COUNTS III AND V OF PLAINTIFF'S COMPLAINT BECAUSE HE IS NOT A STATE ACTOR

Count III alleges "Procedural Due Process Violations" under 42 U.S.C. "§ 1983 and the 14th Amendment. Contained within the allegations, plaintiff states that "the state should be responsible for the private actions of Aidan Kearney, and Katherine Peter, because the state has been routinely sending them official information, and has provided significant encouragement, both overt and covert." Then later, in ¶109 he states simply that "TS intimidated witnesses from providing exculpatory evidence in my criminal case violating my 14th amendment due process rights." It is unclear how plaintiff is seeking to connect Kearney as a state actor, or

why Kearney is a named party for Count III, as plaintiff clearly states that *the state* should be responsible for Kearney's *private* actions. It is also unclear how plaintiff is suggesting that Kearney deprived him of "life, liberty or property."

"Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." *Redondo Borges v. U.S. Department of Housing and Urban Development*, 421 F.3d 1 (1st Cir. 2005) (quoting *Evans v. Avery*, 100 F.3d. 1033 (1st Cir. 1996)). "A cause of action under this provision comprises two essential elements: first, the conduct complained of must have been carried out "under color of state law," and second, that conduct must have worked a deprivation of rights guaranteed by the Constitution or laws of the United States." *Grajales v. Puerto Rico Ports Authority,* 682 F.3d 40 (1st Cir.2012) (quoting *Martinez v. Colon,* 54 F.3d 980 (1st Cir.1995)). In *Jarvis v. Village Gun Shop, Inc.* 805 F.3d 1 (1st Cir. 2015), the three "routes" (quoted from *Santiago v. Puerto Rico*, 655 F.3d 61 (1st Cir. 2011)) that lead to a finding that a private party can be considered a state actor are examined:

1. Where a private party assumes a traditional public function when performing the challenged conduct;
2. If the private party is coerced or significantly encouraged by the state; or
3. If the private party and the state have become so intertwined that they were effectively joint participants. *Id.*

It should also be noted that a private party being coerced and/or significantly encouraged is also referred to as the "state compulsion test" in *Estades-Negroni v. CPC Hospital San Juan Capestrano*, 412 F.3d 1(1st Cir. 2005), where the state has "exercised coercive power or has provided such *significant* encouragement, either overt or covert, that the [challenged conduct] must in law be that of the state."

While plaintiff's pleading uses the phrases "overt and covert" in stating that the officials in the Commonwealth have been leaking information to Kearney (unsupported by any substantive factual allegations), even if true, police leaking information would not constitute coercive power or even significant encouragement sufficient to label Kearney a state actor. The same applies to Count V, as plaintiff fails to substantiate with any facts that Kearney was a state actor or that the state had exercised coercive power over Kearney with respect to the publishing of his work, and so Counts III and V (Section 1983 claims) therefore fail.

### III. COUNT IV MUST BE DISMISSED, AS PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO ESTABLISH THAT KEARNEY VIOLATED PLAINTIFF'S CIVIL RIGHTS

Plaintiff, in Count IV quotes Article 12 of the Massachusetts Declaration of Rights (¶113), then states in the next paragraph "The defendants despoiled me of my right to earn a living, exiled me, and put me out of protection of the law." While plaintiff cited G.L. c. 12 § 11I and Article 12, he fails to plead any facts to support the citation. First and foremost, plaintiff fails to state how his rights under Article 12 have been interfered with, as he boasted of the dismissal of his criminal case for failure to prosecute (¶77). Additionally, the state law claim under G.L. c. 12 § 11I

6

requires a showing that the defendant "threatens, intimidates, or coerces the plaintiff in order to cause the plaintiff to give up something that he has the constitutional right to do." *Alvarez. v. City of Worcester,* 450 F. Supp. 3d 74 (D. Mass. 2020). Thus, while plaintiff claims that he was "damaged" under Article 12, which deals with rights of criminal defendants, he fails to plead fact sufficient to demonstrate how exactly Kearney despoiled him of his right to earn a living, exiled him or put him out of protection of the law. For this reason, Count IV should be dismissed.

### IV.   PLAINTIFF'S COUNT IX "INTENTIONAL INFLICTION OF EMOTINAL [SIC] DISTRESS" FAILS TO PLEAD AN ACTIONABLE CLAIM

The substance of plaintiff's Count IX simply states:

> *140. This count serves as an alternative to count V if State action is not found.*

> *141. Aidan Kearney and Katherine Peter acted out of malice.*

A pleading of intentional infliction of emotional distress includes the following elements: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency' and 'was utterly intolerable in a civilized community;' (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was 'severe' and of a nature 'that no reasonable man could be expected to endure it. *Gouin v. Gouin*, 249 F. Supp. 2d 62 (D. Mass.

2003). Therefore, plaintiff failed to plead facts sufficient for a proper claim of intentional infliction of emotional distress.

V. **PLAINTIFF'S COUNT V OF HIS AMENDED COMPLAINT FAILS TO ESTABLISH A COHERENT ARGUMENT THAT KEARNEY IS ENGAGED IN RACKETEERING ACTIVITY, LACKS STANDING TO BRING THE ACTION ON BEHALF OF THE OTHER NAMED INDIVIDUALS AND FAILS TO SHOW ANY HARM SUFFERED IN CONNECTION WITH PURPORTED VIOLATIONS.**

Only a "person injured in his business or property by reason of a RICO violation" has standing to bring a claim. 18 U.S.C. § 1964. In *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006), the Supreme Court held that a plaintiff is required to show "some direct relation between the injury asserted and the injurious conduct alleged." Further, *Anza* provides that plaintiff must show proof that at least one of more of the specified acts was the proximate cause of his injuries. There must be direct continuity between the predicate act and the alleged injury, and a plaintiff whose injuries are indirect, derivative injuries will not be able to recover. "There is no need to broaden the universe of actionable harms to permit RICO suits by parties who have been injured only indirectly." *Id.*

In *Miranda v. Ponce Federal Bank*, 948 F.2d 41 (1st Cir. 1991), the First Circuit held that a civil RICO claim in a plaintiff's complaint "must be anchored in a bed of facts, not allowed to float freely in a sea of bombast. That is to say, a court assessing a claim's sufficiency has no obligation to take matters on blind faith; "despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions,

8

unsubstantiated conclusions, or outright vituperation." (quoting *CorreaMartinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990).

Plaintiff's attempt to now include in his Amended Complaint, a claim for RICO violations against Kearney are wholly frivolous in that he fails to plead with any specificity how any of the purported RICO violations have caused him harm, or how any of the harm alleged in his complaints is connected to alleged RICO violations. Further, plaintiff claims that Kearney and Katherine Peter form an enterprise to commit a pattern of racketeering activity (¶119 Amended Complaint), then claims as a "predicate act" that Kearney harassed Katherine Peter (¶127). Plaintiff later claims as a predicate act a pattern of supposed racketeering activity against individuals who are not even parties to this case (¶130-133 Amended Complaint), while failing to specify how alleged racketeering activity against others harms plaintiff. There is simply no way to connect any of plaintiff's averments in Count V of his Amended Complaint to any supposed damage he has suffered. These are exactly the type of "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation" and "bombast" that the First Circuit seeks to protect against. *Id.*

## VI. PLAINTIFF SHOULD BE BARRED FROM BRINGING THE CLAIMS IN HIS COMPLAINT UNDER THE CLAIM SPLITTING DOCTRINE

"Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Kale v. Combined Ins. Co. of America* 924 F.2d 1161 (1st Cir. 1991). The law prevents a litigant from claim-splitting, requiring

9

that he "assert all his various legal theories and factually related allegations the first time he brings suit." *Rose v. Town of Harwich*, 778 F.2d 77 (1st Cir. 1985).

No matters outside of the pleadings need even be offered, as Plaintiff admits throughout the course of his complaints that he sued Kearney in May of 2018 (See ¶79 of Plaintiff's Verified Complaint) for libel, slander and intentional infliction of emotional distress, as he now sues Kearney for additional claims (one of which actually includes intentional infliction of emotional distress), all of which surround Kearney's reporting and comments regarding plaintiff's criminal charges and the aftermath (¶78). Plaintiff states in his Verified Complaint (¶92) that his state claim was dismissed. To now allow plaintiff to create new legal theories in a clear attempt at a "second bite at the apple" would be a violation of the claim splitting doctrine.

## VII. KEARNEY SEEKS SPECIAL RELIEF FOR THE STATE LAW CLAIMS UNDER MASSACHUSETTS' ANTI-SLAPP STATUTE

As contained in the substance of plaintiff's complaints, and by Kearney in the preceding paragraph, this is not the first attempt by plaintiff to sue Kearney, and for claims surrounding the same issue: Kearney's posts regarding plaintiff's criminal charges and the surrounding aftermath. *Miller v. SBA Towers V, LLC*, D. 391 F. Supp. 3d 123 (D. Mass. 2019) allows for a defendant to bring a special Anti-SLAPP motion to dismiss in federal court for any state law claims that are "based on said party's exercise of its right of petition under the constitution of the United States or of the Commonwealth." G.L. c. 231 §59H. Further, "The court shall grant such special motion, unless the party against whom such special motion is made

shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party." *Id*. Here, the plaintiff has demonstrated that it already failed once to establish an actual injury, in that his similar claims were already dismissed by a court of competent jurisdiction. Additionally, he has failed to show an actual injury by plaintiff's purported actions in the instant case. This clearly demonstrates that plaintiff is continuing his litigation against Kearney in a strategic attempt, the primary purpose of which is to "chill" Kearney's "legitimate petitioning activities[1]". *Blanchard v. Steward Carney Hospital, Inc.*, 483 Mass. 200, 130 N.E.3d 1242 (2019)

Plaintiff's own complaint states that Kearney's conduct is limited almost solely to his blog posting, which is clearly petitioning activity making statements that are "reasonably likely to enlist public participation in an effort to effect" consideration or reviews of issues, including in this case a review of the conduct of plaintiff's criminal case. Indeed, ¶34 of plaintiff's Verified Complaint states that Kearney's blog seeks to deter "ratchet behavior."

Kearney's posting about plaintiff was an exercise of his right to petition, and there was no other basis for plaintiff's claims other than Kearney's blog. For this reason, plaintiff's state law claims should be dismissed, with Kearney being awarded attorney fees under G.L. c. 231 §59H.

---

[1] Kearney, in writing his blog, has previously been found to have been engaged in "petitioning activity" within the statute. See, *Aldana v. Worcester Digital Marketing, LLC,* 2020 WL 5993103

Defendant, Aidan Kearney,
By:


/s/ Ryan P. McLane
Ryan P. McLane
McLane & McLane, LLC
BBO # 697464
269 South Westfield Street
Feeding Hills, MA 01030
(413) 789-7771
ryan@mclanelaw.com


**CERTIFICATE OF SERVICE**

I do hereby certify that a true copy of the above document was served upon the attorneys of record by ECF and the plaintiff by electronic mail on February 12, 2021.


/s/ Ryan P. McLane
Ryan P. McLane, Esq.