# United States Court of Appeals
## For the First Circuit

No. 21-1582

RIAN G. WATERS,

Plaintiff - Appellant,

v.

FACEBOOK, INC.; GOOGLE LLC; AIDAN KEARNEY,

Defendants - Appellees,

KATHERINE PETER; JEREMY HALEY; MARTHA SMITH-BLACKMORE; WILLIAM HIGGINS; JIM DALTON; MAURA TRACY HEALEY; JOHN DOES (1-10),

Defendants.

Before

Howard, Chief Judge,
Thompson and Gelpí, Circuit Judges.

**JUDGMENT**

Entered: December 23, 2021

    Pro se plaintiff-appellant Rian G. Waters appeals from the dismissal of his fourth amended complaint. We have conducted a careful de novo review of relevant portions of the record, including the operative complaint, and the arguments sufficiently developed by Waters with his submissions to this court. See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (standard of review); Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 30 (1st Cir. 2015) (this court "do[es] not consider arguments for reversing a decision of a district court when the argument is not raised in a party's opening brief," particularly where "the opening brief presents no argument at all challenging [the] express grounds upon which the district court prominently relied in entering judgment"); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

    We affirm the dismissal of the operative complaint, substantially for the reasons set forth by the district court in its May 11, 2021, order. See 1st Cir. R. 27.0(c) (court may summarily affirm

if no "substantial question" presented). We note that, on appeal, Waters complains that he was entitled to additional opportunities to amend his complaint, but he has not identified any potential amendment to the operative complaint that might have been capable of curing the multiple deficiencies identified by the district court. See Gonzalez-Gonzalez, 257 F.3d at 36-37.

Additionally, Waters has failed to elucidate an abuse of discretion as to the district court's denial of his Federal Rule of Civil Procedure 59 motion for relief from judgment. See Markel Am. Ins. Co. v. Diáz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (Fed. R. Civ. P. 59(e) standard of review). Any challenge to the district court's ruling on Waters's motion invoking Federal Rule of Civil Procedure 60 is not properly before the court. See Fed. R. App. P. 3 & 4(a)(4)(B)(ii). Waters's motion to strike is denied. As for Waters's "Petition for En Banc Hearing," Waters is free to pursue a post-judgment petition for rehearing en banc that complies with relevant rules and deadlines. Finally, Waters's motions seeking injunctive and other relief, to the extent not mooted by the foregoing, are denied.

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Rian G. Waters
Joseph H. Aronson
Matan Shacham
Erica Symone Miranda
Alan D. Rose Sr.
Jason B. Mollick
Laura B. Kirshenbaum
Ryan P. McLane
Andrew Martin Batchelor